STATE OF HAWAII, Plaintiff-Appellee, *v*. CHARLES M. A. LANGLEY, Defendant-Appellant

NO. 7327

MAY 12, 1980

RICHARDSON, C.J., OGATA, MENOR AND LUM, JJ., AND RETIRED JUSTICE KOBAYASHI, ASSIGNED BY REASON OF VACANCY

*Per Curiam*. This is an appeal from a judgment entered by the trial court finding defendant-appellant, Charles M. A. Langley, guilty of promoting a dangerous drug in the third degree. We affirm.

The defendant was initially arrested for disorderly conduct in the vicinity of two bars in Honolulu.[1] The arresting officer testified that the defendant had to be physically restrained and handcuffed before he could be transported to the police station. Upon arrival at the station, the defendant was boisterous, uncooperative and lacking in self-control. He was first placed in an unsecured holding cell with other arrestees awaiting booking. Due to his continuously disruptive conduct and the possible outbreak of a fight in the holding cell, the defendant was moved about a half hour later to the rear cellblock where he could be held in solitary confinement. Prior to his incarceration in the rear cellblock, the defendant was directed by the police to remove his belt and the contents of his pockets; thereupon, he produced a slender cellophane packet containing what he voluntarily admitted to be cocaine. The defendant was immediately placed under arrest for promoting a dangerous drug in the third degree.

The defendant testified that at no time after his arrival at the stationhouse was he informed of his right to release upon payment of bail. Bail for the offense of disorderly conduct is listed on the police department's Revised Bail Schedule for 1974 at $25.00. Defendant had on his person at the time of his arrest $48.15. Defendant testified that had he been apprised of his right to release on bail he would have paid the required amount.

Prior to trial, the defendant moved to suppress as evidence the cocaine discovered during the pre-incarceration search contending that such search violated his right to bail. Had he been properly notified of his right to release on bail, the defendant argues, he would have paid the necessary sum and been entitled to immediate release. For this reason, the defendant maintains that the pre-incarceration search was without justification and therefore unlawful, rendering the fruits of the search inadmissible into evidence. The defendant thus contends that the trial court erred in denying his

---

[1] At trial, the defendant pleaded guilty to the charge of disorderly conduct and received a suspended sentence of six months.

motion to suppress and that such error mandates reversal of his conviction below.

The sole issue presented by the case at bar is whether the pre-incarceration search of defendant's person resulting in the recovery of cocaine violated his right to bail.

Our recent opinion in *State v. Vance*, 61 Haw. 291, 602 P.2d 933 (1979) conclusively resolves the question before us. Factually alike, *Vance* also involved an appeal from a conviction for promoting dangerous drugs in the third degree. The defendant Michael Vance, like the defendant here, was initially arrested for disorderly conduct and subjected to a pre-incarceration search despite his mother's immediate offer to pay the necessary bail. During the course of such search, the dangerous drug was discovered. On appeal from his conviction, the defendant similarly argued that the search was invalid because a person arrested for a minor offense, who is willing and able to pay the required bail amount, has the right to immediate release and to avoid incarceration entirely.

In *Vance*, we held the pre-incarceration search of the defendant valid on the ground that a person arrested for a petty misdemeanor or misdemeanor offense possesses not an absolute right to immediate release, but rather a right to release without unnecessary delay upon payment of bail. 61 Haw. at 301, 602 P.2d at 940-41. We stated that what constitutes "unnecessary delay" requires consideration of all the facts and circumstances at the time. Relevant factors that may justify a temporary delay include the physical condition or conduct of the person arrested. Upon examining the facts presented in *Vance*, we found that the defendant's hostile and threatening conduct in the stationhouse justified his brief detention as a calming-down period and as a necessary measure to prevent him from immediately reinstigating his harassment. Having found the temporary incarceration of the defendant lawful, we found the pre-incarceration search conducted by the police valid and the admission into evidence of the fruits of such search without error. We cautioned in a footnote, however, that "a delay (in admitting an arrested person to bail) will be found necessary only upon clear justification; the defendant's right to freedom from unreasonable

searches and seizures prohibits such delays as a pretext to unjustified pre-incarceration searches." 61 Haw. at 303 n. 11, 602 P.2d at 941 n. 11.

In the case at hand, the evidence indicates that at the time of his arrest, defendant Langley was under the influence of alcohol and in a hostile, belligerent state. At the stationhouse, he displayed a lack of self-control, yelling obscenities and creating a disturbance for about thirty to forty-five minutes. To forestall the outbreak of a fight in the holding cell, the police decided to transfer the defendant to the rear cellblock. The defendant was to be held in solitary confinement until such time as he regained sufficient composure to be booked. As in *Vance*,[2] we find here that the defendant's uncontrollable and disruptive behavior warranted his temporary detention. The pre-incarceration search, conducted to protect the defendant's property and personal safety and to prevent the entry into the jail of weapons and other contraband, was therefore justified. No evidence was introduced by the defendant to raise a suspicion of pretext. We conclude that the trial court properly admitted the fruits of the pre-incarceration search into evidence.

Affirmed.

*Calvin J. Fukuhara (Pamela J. Berman* and *Gordon Miwa* with him on the briefs), Deputy Public Defenders, for Defendant-Appellant.

*Arthur E. Ross (Peter B. Carlisle* on the brief), Deputy Prosecuting Attorneys, for Plaintiff-Appellee.

---

[2] The instant case differs from Vance only insofar as the defendant additionally argues that following his arrest he was entitled to immediate notice of the right to release on bail. Where an arrested person is justifiably detained, as here, however, such person is not entitled to immediate release upon payment of bail and therefore immediate notice of such right is not required. Given the factual circumstances of this case, we need not at this time discuss further the scope of an arrestee's right to notice of bail.